[Cite as *Friedman v. Ohio Dept. of Transp.*, 2015-Ohio-4856.]

## IN THE COURT OF CLAIMS OF OHIO

BRIAN A. FRIEDMAN

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2014-00959-AD

Clerk Mark H. Reed

MEMORANDUM DECISION

{¶1} Plaintiff Brian Friedman filed this claim on December 9, 2014, to recover damages which occurred on March 21, 2014 when his 2013 Toyota Prius was struck by a large chunk of concrete while entering the I-90 Westbound via the Eddy Road on-ramp in Cuyahoga County, Ohio. Specifically, the plaintiff claims that a dump truck that he was following on the day in question lost part of its load and a six (6) inch piece of concrete fell off the truck and rolled into the path of his vehicle. Plaintiff was unable to stop in time, and his vehicle struck the concrete that was lying in the roadway of I-90. This road is a public road maintained by the Ohio Department of Transportation. Plaintiff's vehicle sustained damages in the amount of $1309.87. Plaintiff maintains a collision insurance deductible of $1,000.00.

{¶2} In order to recover on a claim for roadway damages against the Ohio Department of Transportation, Ohio law requires that a motorist/plaintiff prove *all* of the following:

{¶3} That the plaintiff's motor vehicle received damages as a result of coming into contact with a dangerous condition on a road maintained by the defendant.

{¶4} That the defendant knew or should have known about the dangerous road condition.

{¶5} That the defendant, armed with this knowledge, failed to repair or remedy the dangerous condition in a reasonable time.

{¶6} In this claim, the Court finds that the plaintiff did prove that his vehicle

received damages and that those damages occurred as a result of the plaintiff's vehicle coming into contact with a dangerous condition on a road maintained by the defendant.

{¶7} The next element that a plaintiff must prove to succeed on a claim such as this is to show that the defendant knew or should have known about this dangerous condition.

{¶8} Based on the evidence presented, the Court is unable to find that the defendant had actual knowledge of the dangerous condition. Likewise, the Court is unable to find that the defendant should have known about this dangerous condition and thus would have had constructive notice about the highway danger. Constructive notice is defined as "(n)otice arising from the presumption of law from the existence of facts and circumstances that a party has a duty to take notice of...Notice presumed by law to have been acquired by a person and thus imputed to that person." (Black's Law Dictionary at 1090 8th Ed. 2004.)

{¶9} In order for there to be constructive notice, a plaintiff must prove that sufficient time has passed after the dangerous condition first appears, so that under the circumstances the defendant should have gained knowledge of its existence. This, the plaintiff has been unable to do.

{¶10} In the Investigation Report filed February 27, 2015, the defendant indicated that the area where plaintiff had his accident was a construction zone. The department had contracted with the Kokosing Construction Company, Inc. to do certain construction work on this section of IR 90.

{¶11} In the complaint presented to the Court, the Court may only pass judgment on whether the plaintiff has shown that the department breached its duty to the public in managing the contractor and ensuring the safety of the public within the construction zone.

{¶12} In this case, there is nothing in the record that would allow the Court to find that the department did not act appropriately to keep the construction area safe. Neither ODOT nor the contractor had received any notice of debris falling from a truck

where claimant had his accident. In fact, information supplied to ODOT by the contractor makes it more likely than not that the concrete that struck the claimant's vehicle did not come from a Kokosing Construction Company truck. If the debris had been present for any appreciable period of time, it is likely that it would have become known to the agency or to its contractor through alerts from passing motorists or their own inspection and work crews. It is more likely than not that the concrete fell from a truck in the employ of neither ODOT nor Kokosing Construction, and that neither the Department nor the contractor had timely notice to clear this hazard. Such condition is not attributable to any negligence on the part of ODOT. The plaintiff did not offer any evidence to counter what was in the defendant's report regarding this element.

{¶13} Ohio law is clear that ODOT cannot guarantee the same level of safety during a highway construction project as it can under normal traffic conditions. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App.3d 346, 354; *Roadway Express, Inc.* The test is whether, under the totality of the circumstances, "ODOT acted sufficiently to render the highway reasonably safe for the traveling public during the construction project." *Basilone v. Ohio Dept. of Transp.* (Feb. 13, 2001), Franklin App. No. 00AP-811, citing *Feichtner,* and *Lumbermens Mut. Cas. Co. v. Ohio Dept. of Transp.* (1988), 49 Ohio App.3d. 129.

{¶14} Since the plaintiff is unable to prove that the defendant knew or should have known about this dangerous condition, the claim must fail.

**IN THE COURT OF CLAIMS OF OHIO**


BRIAN A. FRIEDMAN

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2014-00959-AD

Clerk Mark H. Reed

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
MARK H. REED
Clerk

Entry cc:

Nathalie A. Dibo, Counsel for Plaintiff
4600 Euclid Avenue, Suite 410
Cleveland, Ohio  44103

Jerry Wray, Director
Ohio Department of Transportation
1980 West Broad Street
Mail Stop 1500
Columbus, Ohio  43223

Filed 5/4/15
Sent to S.C. Reporter 11/24/15